IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| KRISTEN J. GLEMSER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 09-3321 |
| | ) |
| SUGAR CREEK REALTY, LLC, d/b/a | ) |
| PINE WOODS APARTMENTS, and | ) |
| TERI LORTON, | ) |
| | ) |
| Defendants. | ) |

## OPINION

RICHARD MILLS, U.S. District Judge:

This matter is before the Court on the Defendants Motion to Dismiss [d/e 4]. The Plaintiff has not responded to that Motion.

The Defendants seek partial dismissal of the Plaintiff's Complaint [d/e 1-1]. Specifically, the Defendants seek the dismissal of the Title VII claims against Defendant Teri Lorton, and the dismissal of the Plaintiff's Illinois Human Rights Act claims against both Defendants. The Defendants seek dismissal pursuant to Rule 12(b)(6) of the Federal Rules

of Civil Procedure.

In assailing the Illinois Human Rights Act claims, the Defendants rely upon an affirmative defense–failure to exhaust administrative remedies. Affirmative defenses cannot provide the basis of relief under Rule 12(b)(6). Rather, relief is appropriate under Rule 12(c)–judgment on the pleadings. Accordingly, the Court recharacterizes that portion of the Defendants' Motion as a Motion for Judgment on the Pleadings.

## I. BACKGROUND

### A. The Complaint

This is a sexual harassment discrimination action pursuant to Title VII of the Civil Rights Act of 1964[1] and the Illinois Human Rights Act, 775 ILCS 5/2-102(D). The Plaintiff seeks compensatory and punitive damages, the reimbursement of costs and attorney fees, and a declaration that the Defendants' alleged acts were unlawful.

Plaintiff Kristen J. Glemser was an employee of Defendant Sugar

---

[1] The Plaintiff has alleged the violation of 42 U.S.C. § 2000e-5. That section relates to the enforcement of Title VII, and does not describe prohibited conduct. The Court will treat the claim as a Title VII claim.

Creek Realty until December 8, 2006. Sugar Creek employed individuals to manage and market its properties. During the Plaintiff's employment, she reported directly to Defendant Teri Lorton.

The complaint alleges that on December 7, 2006, Defendant Lorton committed a number of acts during work hours at the job location that constitute sexual harassment and the creation of a sexually hostile working environment.

In the excerpted portion of the Complaint below, the Plaintiff alleges that Defendant Lorton committed the following acts:

>(A) Repeatedly asking GLEMSER, in front of others, to put on a pair of underwear, which several people had already worn;
>
>(B) Following GLEMSER into a restroom and blocking her exit with the help of another woman;
>
>(C) Approaching GLEMSER in the restroom and unbuttoning GLEMSER's pants without her consent;
>
>(D) Forcing GLEMSER to put on the underwear again, in front of another woman;
>
>(E) Pulling her into the Lobby, where a maintenance worker of SUGAR CREEK took pictures of GLEMSER in the underwear without her consent; and
>
>(F) Forcing GLEMSER to watch as LORTON and another woman simulated a sex act.

Pl.'s Compl. [d/e 1-1] at 2, ¶ 8. The Plaintiff states in the complaint that these actions were unwelcome. The Plaintiff also alleges that the actions listed above were the result of a willful or intentional effort of the Defendants to discriminate against the Plaintiff.

### B. Procedural Background

The Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") on June 20, 2007, naming only Defendant Sugar Creek in the Charge. On August 14, 2009 the Plaintiff was mailed a Dismissal and Notice of Rights letter, which informed her of her right to sue. This action was filed November 12, 2009 in the Circuit Court of Sangamon County, Illinois.

The Defendants filed their Notice of Removal [d/e 1] and the Motion to Dismiss [d/e 4] on December 10, 2009. The Court reviewed the Notice and provided the Plaintiff an opportunity to object to removal. *See* Text Order of December 14, 2009, by Magistrate Judge Byron G. Cudmore.

The Court extended the deadline for the Plaintiff to respond to the

Motion to Dismiss to January 15, 2010. *See id.* The Plaintiff has not filed a response.

## II. LEGAL STANDARD

For a complaint to survive a motion to dismiss under Rule 12(b)(6) it must "contain 'enough facts to state a claim for relief that is plausible on its face' and also must state sufficient facts to raise a plaintiff's right to relief beyond the speculative level." *Bissessur v. Ind. Univ. Bd. of Trustees*, 581 F.3d 599, 602 (7th Cir. 2009), *(*quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "A claim has facial plausibility 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Bissessur*, 581 F.3d at 602 (quoting *Ashcroft v. Iqbal*, — U.S. —, 129 S. Ct. 1937, 1949 (2009)).

The Court "construe[s] the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

Motions for judgment on the pleadings under Rule 12(c) are subject to the same standard as motions to dismiss under Rule 12(b)(6). *Craigs, Inc. v. Gen. Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir. 1993).

### III. ANALYSIS

The Defendants make three arguments in their Motion to Dismiss: (1) the Plaintiff's untimely filing of the Charge of Discrimination blocks her state law claims, (2) Defendant Lorton is not subject to suit because she was not named in the Charge of Discrimination, and (3) the Title VII claims against Defendant Lorton should be dismissed because managers are not individually liable under Title VII. The Defendants are not moving to dismiss the Plaintiff's Title VII claim against Defendant Sugar Creek.

#### A. State Law Claims—Illinois Human Rights Act

The Defendants have asserted that the Plaintiff's Charge of Discrimination was untimely under the Illinois Human Rights Act. The Defendants claim that as a result the Plaintiff failed to exhaust her

6

administrative remedies.

The Court has supplemental jurisdiction over Plaintiff's Human Rights Act claims because "they form part of the same case or controversy." 28 U.S.C. § 1367. The Court looks to the substantive law of Illinois in determining these claims, because "state law governs a state law claim (even in nondiversity cases)." *United States ex rel. Hoover v. Franzen*, 669 F.2d 433, 437 (7th Cir. 1982).

### *1. Administrative Procedures*

The EEOC and the Illinois Department of Human Rights ("IDHR") have a work sharing agreement which provides for dual filing in both agencies, unless the complainant opts out. A charge filed with the EEOC is deemed to be filed with IDHR as well. *See Garcia v. Vill. of Mount Prospect*, 360 F.3d 630, 642-643 n. 13 (7th Cir. 2004).

Title VII and the Illinois Human Rights Act have different deadlines, which can cause problems for unwary filers.

### *2. Timeliness*

The Illinois Human Rights Act provides that: "[w]ithin 180 days

after the date that a civil rights violation allegedly has been committed, a charge in writing under oath or affirmation may be filed with the [IDHR] by an aggrieved party . . ." 775 ILCS 5/7A-102(A)(1). The Act further provides that "[a] charge filed with the [EEOC] within 180 days after the date of the alleged civil rights violation shall be deemed filed with the [IDHR] on the date filed with the [EEOC]." 775 ILCS 5/7A-102(A-1).

Therefore, a Charge of Discrimination filed more than 180 days after the incident is untimely under the Human Rights Act, even though the Charge of Discrimination might still be timely under Title VII. In this case, the alleged act of discrimination occurred on December 8, 2006, and the Charge of Discrimination was filed on June 29, 2007, over 200 days later. Hence, the Charge of Discrimination was untimely for the purposes of the Illinois Human Rights Act.

### 3. Failure to Exhaust Administrative Remedies

The Defendants seek dismissal of the Human Rights Act claims pursuant to Rule 12(b)(6). In doing so, they rely on the doctrine of failure to exhaustion of administrative remedies, which is an affirmative

defense. *See Vill. of S. Elgin v. Waste Mgmt. of Ill., Inc.*, 348 Ill. App. 3d 929, 934 (2d Dist. 2004).

"[I]t is incorrect to dismiss under Rule 12(b)(6) on the basis of an affirmative defense." *McReady v. eBay, Inc.*, 453 F.3d 882, 892 n. 2 (7th Cir. 2006). The Defendants "should have raised the affirmative defense and moved for judgment on the pleadings under Rule 12(c)." *Carr v. Tillery*, — F.3d —, 2010 WL 92487, at *1 (7th Cir. 2010). The Plaintiff has not objected, and there is sufficient information before the Court to make a ruling on the affirmative defense. *See id.* Accordingly, the Court will proceed to determine the issue pursuant to Rule 12(c).

The Human Rights Act provides that if the Director of IDHR determines that there is substantial evidence of a violation of the Act, the parties will be notified that the complainant has the right to commence a civil action in the appropriate state circuit court. 775 ILCS 5/7A-102(D)(4). The language of the Human Rights Act explicitly vests original jurisdiction in the IDHR and divests the state circuit courts of jurisdiction in these matters until IDHR has made a determination. *See*

*Vill. of S. Elgin*, 348 Ill. App. 3d at 935. As a result, the doctrine of exhaustion of administrative remedies applies to claims arising under the Human Rights Act. *Id.*

The Plaintiff's failure to timely file with IDHR constitutes failure to exhaust administrative remedies. In general, the aggrieved party must exhaust administrative remedies before resorting to the court system. *Id.* at 934.

Consequently, the Plaintiff's Human Rights Act claim was improperly before the Circuit Court of Sangamon County. This case was removed from state court, and this Court has supplemental jurisdiction over the Human Rights Act claim. This Court cannot entertain state claims that could not have been heard in the state court. *Cf. Myers v. Richland County*, 429 F.3d 740, 749 (8th Cir. 2005). Therefore, the Defendants are entitled to judgment on the pleadings for the Human Rights Act claims.

### B. Failure to Include Lorton in EEOC Charge of Discrimination

The Defendants have moved to dismiss the Title VII claims against

Defendant Lorton because the Plaintiff failed to name her in the Charge of Discrimination.

The statute provides that upon terminating review, the EEOC will notify the complainant, and "within ninety days after the giving of such notice a civil action may be brought <u>against the respondent named in the charge</u> [ ] by the person claiming to be aggrieved." 42 U.S.C. § 2000e-5(f)(1) (emphasis added).

"Title VII employment discrimination suits are permitted only 'against the respondent named in the charge' before the EEOC." *Le Beau v. Libby-Owens-Ford*, 484 F.2d 798, 799 (7th Cir. 1973) (quoting 42 U.S.C. § 2000e-5(f)(1)). Since *Le Beau,* the U.S. Court of Appeals for the Seventh Circuit has repeatedly upheld this rule. *See Wilson v. Kautex, Inc.*, 2008 WL 474230, at *2-3 (N.D. Ind. Feb. 15, 2008) (collecting cases). Therefore, the Plaintiff's Title VII claim against Lorton must be dismissed.

### C. Individual Liability of Supervisors under Title VII

The Defendants alternatively argue that the Title VII claim against

Lorton should be dismissed because they argue there is no individual liability for managers under Title VII. The Defendants are correct that under Seventh Circuit precedent, there is no individual liability. *See Williams v. Banning*, 72 F.3d 552, 553-555 (7th Cir. 1995). Thus, Lorton is entitled to dismissal of the Title VII claim on this basis as well.

## IV. CONCLUSION

Ergo, the Defendants' partially recharacterized Motion to Dismiss [d/e 4] is ALLOWED. Judgment is hereby entered in favor of the Defendants and against the Plaintiff on the Illinois Human Rights Act claims. The Plaintiff's Title VII claims against Defendant Lorton are hereby dismissed. This case is referred to United States Magistrate Judge Byron G. Cudmore for the purpose of scheduling a discovery conference.

IT IS SO ORDERED.

ENTER: January 26, 2010

FOR THE COURT:	s/Richard Mills
	United States District Judge